IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAU NGOC NGUYEN, #48245-177,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. 3:16-CV-1376-D-BK<br>(Criminal No. 3:14-CR-219-D-(01)) |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was automatically referred to the United States Magistrate Judge. Doc. 1. For the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED**.

In December 2015, following his guilty plea to theft of government funds, Petitioner was sentenced to eight months' imprisonment and a one-year term of supervised release, and was ordered to pay $104,720.00 in restitution. Crim. Doc. 72. Petitioner's direct appeal of his conviction is pending before the United States Court of Appeals for the Fifth Circuit. *See Nguyen v. United States*, 16-10004 (5th Cir.); Crim. Doc. 93.

A district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (per curiam), *abrogated on other grounds*. Therefore, Petitioner's request for section 2255 relief should be dismissed without prejudice.

In his section 2255 motion, Petitioner also requests the Court to stay the March 31, 2016 "home forfeiture" order. Doc. 1 at 1; Crim. Doc. 85 (final order of forfeiture). The Court notes that Petitioner has filed several motions in his criminal case related to the final order of forfeiture

and that any request to stay that order should be filed in the criminal case. Additionally, the Court lacks jurisdiction under section 2255 to address his claims of ineffective assistance of counsel, challenging the restitution order. Doc. 1 at 2-3. *See United States v. Hatten*, 167 F.3d 884, 887 and nn. 5 & 6 (5th Cir. 1999) (a restitution challenge may not be addressed under section 2255 because the petitioner does not claim the right to release from custody); *Campbell v. United States*, 330 Fed. App'x 482, 482-483 (5th Cir. 2009) (per curiam) (claims concerning restitution should be raised on direct appeal not a section 2255 motion); *Bazemore v. United States*, No. 3:07-CR-312-K, 2010 WL 4860783, at *4 (N.D. Tex. Nov. 29, 2010) (ineffective assistance claims based on restitution are not cognizable in a section 2255 motion).

For the foregoing reasons, it is recommended that the section 2255 motion be **DISMISSED WITHOUT PREJUDICE** to it being reasserted after the United States Court of Appeals for the Fifth Circuit has determined his direct criminal appeal.[1]

**SIGNED** June 18, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent section 2255 motion that Petitioner files in this Court. 28 U.S.C. § 2255(f)(1)-(4).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE